PER CURIAM.
This appeal seeks reversal of a judgment upholding the constitutionality of Chapter 83-220, Laws of Florida, which created Sections 125.0167 and 201.031 of the Florida Statutes. The appellants contend that the act, which permits only those “countpes] as defined by s.125.011(1),” to impose a documentary surtax[1] for the purpose of assisting low and moderate income families in the purchase and rehabilitation of their homes, is invalid as a local or special law enacted without adherence to the notice provisions of Art. Ill, Section 10 of the Florida Constitution.[2] In Metropolitan Dade County v. Golden Nugget Group, 448 So.2d 515 (Fla. 3d DCA 1984), rev. granted, Case no. 65,324 (Fla., June 29, 1984), this court rejected the identical contentions in concluding that Chapter 83-354, Laws of Florida, which similarly authorizes those counties designated in Sec. 125.011(1) to levy a tax on rentals and leases for tourism development was a valid general law. On the point in issue here,[3] the two statutes and thus the two cases are indistinguishable. We therefore affirm the *193 judgment below on the authority of Golden Nugget.
In the light of the Supreme Court’s acceptance of jurisdiction in Golden Nugget and the independent significance of the issue, we certify to the Supreme Court that this decision passes upon the following question of great public importance:
Whether Chapter 83-220, Laws of Florida is a valid general law or an invalid special or local one.
Affirmed, question certified.

. Dade County in fact enacted the authorized surtax. Dade County Ordinance No. 83-81 (1983). The present action challenges that ordinance as well as the enabling statute from which it derives.

. It is also argued that the ordinance imposing the tax, note 1, supra, contravenes Art. VIII, Section II, Florida Constitution of 1885, as amended, the Dade County Home Rule Charter, which states that the county may levy only those taxes "authorized by general law.”

.The appellants raise a separate question concerning the scope of an exception from the tax which we consider completely without merit.